[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The four (4) above-captioned children were adjudicated neglected by this Court on October 4, 2000. Evidence was heard on a contested disposition on October 16, 2000 and January 22, 2001. On January 22, 2001, the Court transferred the Order of Temporary Custody (hereinafter "OTC") to the maternal grandparents, Genaro and Amelia S.
The State seeks commitment of all four (4) children to the Department of Children and Families (hereinafter "DCF"); the intervening maternal grandparents seek a transfer of guardianship of all four (4) children to them; the intervening paternal grandmother seeks transfer of guardianship of her granddaughter Nila, to her; the mother is apparently in agreement with transfer of guardianship of her children to her parents; and the father of Nila initially sought return of his child to him, but later appeared to be in agreement with transfer of guardianship of Nila to his mother.
"At the dispositional hearing, the emphasis appropriately shifts from the conduct of the parent to the best interest of the child." In reRomance M., 229 Conn. 345, 357, 641 A.2d 378 (1997). In the case of In reJuvenile Appeal, 177 Conn. 648, 663 (1979), the Court enumerated the factors for a Judge to consider in assessing the best interest of a child. The factors stated are: (1) the length of stay with a non-parent; (2) the nature of the relationship to the non-parent; (3) the degree of contact maintained with the natural parent; and (4) the nature of the relationship with the natural parent.
For the reasons set forth herein, this Court finds it in the best interests of all four (4) named children that their guardianship be transferred to their maternal grandparents, Gerano and Amelia S. Specific Steps were ordered for mother and father at the time of the granting of CT Page 6793 the OTC. Both parents were offered services to assist them in regaining custody of their child/children. Both parents have failed to follow through with services offered.
Mother's whereabouts have been unknown to DCF since April, 2000, when she left the home of her parents in New Jersey. Mother has refused to provide DCF with an address or a phone number where she resides. Since the date of the adjudication Mother has not attended any Administrative Case Reviews; has not called DCF to inquire about her children; has not participated in parenting classes; has not participated in domestic violence counseling; has not participated in individual counseling; and has not visited the children since June, 2000.
The whereabouts of Nila's father are also unknown to DCF. He has refused to inform DCF of where he resides or what his phone number is. He has stated that he can be reached through his mother, who stated that he calls her but has told her only that he lives in Boston. Since the date of the adjudication Father has not attended any Administrative Case Reviews; has not attended parenting classes; has not attended domestic violence counseling; never completed his individual and anger management counseling; has not called DCF to inquire about his child; and has not visited Nila since July, 2000.
The only parties who have presented a consistent, realistic case for placement of the children with them have been the paternal grandmother and the maternal grandparents. The paternal grandmother has attended all of the court proceedings and has been fairly consistent with her visitation with Nila. She appears to be sincere in her desire to provide a home for her grandchild. However, it also appears that she truly does not have insight into the seriousness of the problems which existed when the children were in the care of her son. The testimony also indicated that paternal grandmother would likely be unable to control father if he were to come and attempt to take Nila with him. Also Mrs. L. made some rather serious errors in judgment with respect to DCF and the children in the beginning of the case, and that has unfortunately painted her as untrustworthy. All of this, along with the fact that she is only available to one of the children, indicates that it would not be in the best interest of Nila to go to her paternal grandmother. Nila is bonded to her siblings and it would not be in her best interest to be separated from them if it is not necessary.
The maternal grandparents also seemed sincere in their desire to do whatever is necessary to provide a home for all four (4) of the children. They attended all of the court hearings and visits with the children that they were able to considering the fact that they live in New Jersey. The children are very bonded to them and had on several CT Page 6794 occasions expressed a desire to stay with them. DCF is opposed to placement of the children with paternal grandparents because they were not approved by the Interstate Compact. The basis for the non-approval was an incident which occurred in April, 2000 when mother ran from the home of her parents with her infant child, Joshua, when the maternal grandmother was in the bathroom. It appeared from the testimony that the maternal grandparents did not in fact have legal custody of Joshua. Further, mother had never taken the baby out before when grandmother asked her not to. The testimony concerning the incident did not support a position that the grandmother intentionally did anything wrong, or that she would not be a suitable person to care for the children. Their home was found to be clean and appropriate with ample space for all four (4) children. Both grandparents appeared to be aware of their responsibility to protect the children from their daughter if she should re-appear. An issue was raised as to whether the maternal grandparents could financially support the addition of four (4) children to their household. This Court is convinced that they can.
Since this Court transferred the OTC to the maternal grandparents on January 22, 2001, things have been going very well and the children are happy. This Court, therefore, finds that Genaro and Amelia S. are suitable and worthy people to assume the guardianship of Maria C., Edward C., Jayson C., and Nila L., and that it is in their best interest to remain with their maternal grandparents. Guardianship of said children is hereby transferred to Genaro and Amelia S.
Patricia Lilly Harleston, J.